[No. 3,894.]

## SAMUEL GATES v. T. W. LANE AND WM. H. McELHANY.

ENJOINING JUSTICE'S JUDGMENT.—If a judgment rendered by a Justice of the Peace is void on its face, a suit in equity cannot be maintained to restrain its enforcement by execution, even if the execution is issued by the County Clerk on a copy of the judgment docketed with him.

POWER OF JUSTICE OVER HIS JUDGMENTS.—A Justice of the Peace has power to recall an execution issued by him on a void judgment, and stay further proceedings, even if the judgment has been docketed in the office of the County Clerk and the execution has been issued by the Clerk.

LIMITATION OF SUIT TO CANCEL NOTE.—If the maker of a promissory note makes a parol agreement with the holder to furnish him goods, or perform services for him to the amount of the note, and furnishes the goods, or performs the services, and the value of the same equals the amount due on the note; after the statutory period has expired, during which an action can be brought for the goods or services, the maker cannot sue in equity, to have the note cancelled or surrendered.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

This is the second appeal in this case. The case on the first appeal is reported in the 44 Cal. 392. When the remittitur reached the Court below, the plaintiff amended his complaint, making Wm. Gates and Willet Gates joint-plaintiffs. The amended complaint alleged that, in the fall of 1862, the plaintiffs lived in Solano County, and gave defendant McElhany their promissory note for about $242, being the balance due him on a purchase of the possessory right to one hundred and sixty acres of land, which note was due twelve months from date, and drew interest at two.

per cent. per month.  That after the note was made, the plaintiffs agreed verbally with McElhany to furnish him pasturage for his hogs, and to board himself and hired man during that fall, and that the value of the same should be applied on the note, and McElhany should pay them the excess, if any, in money.  That the plaintiffs furnished the pasturage and board until about the 20th of October, 1862, and the value of the same exceeded the amount due on the note, and the note was in fact paid, and that, during the same year, the plaintiffs and McElhany had an accounting, and agreed that the note was satisfied, and McElhany promised to deliver it up or cancel or discharge it.  That, in October, 1866, McElhany sued the plaintiffs on the note, in a Justice's Court, in Mendocino Township, Sonoma County.  That the plaintiffs were not residents of Sonoma County during the year 1866, and that McElhany attempted to make service of summons by publication, but did not take such steps as were necessary.  That a summons was issued, but there was no return of service on it, and that the docket of the Justice did not state that the summons was served, or that the defendants appeared.  That, on the the 12th day of November, 1866, the Justice rendered judgment against the plaintiffs on the note, and that, on the 9th day of July, 1869, a copy of the judgment was docketed in the office of the County Clerk of Sonoma County, and the Clerk on said 9th of July, issued an execution on the same, directed to the Sheriff of Stanislaus County.  That said Sheriff had levied on and seized personal property of the plaintiffs of the value of three thousand dollars, and advertised the same to be sold on the 29th of July, 1869, and would have sold the same if he had not been restrained by an injunction issued in this action, and that the plaintiffs did not know of the judgment until the execution was levied.  The plaintiffs asked that the defendant be enjoined from enforcing the execution, and that defendant McElhany be enjoined from enforcing the judgment, and that he be required to deliver up the promissory note to be cancelled, and that a preliminary injunction issue restraining the defendants from selling the property.  The defend-

ants demurred to the complaint, and the Court sustained the demurrer and the plaintiffs appealed.

The other facts are stated in the opinion.

*J. H. Budd,* for the Appellants.

The pretended judgment of *McElhany* v. *Plaintiff,* was procured through fraud and by concealment, and was unjust, and it should be enjoined. (*Mitchell* v. *Harris,* 2 Ves. 135; 2 Story Eq. Jur. Secs. 887–894; *Huggins* v. *King,* 3 Barb. 316; *Reigal* v. *Wood,* 1 Johns. Ch. Rep. 402.)

A judgment should be enjoined in case no opportunity for a new trial existed. (2 Story Eq. Jur. page 81, note 1.)

A judgment will be declared void by a Court of Chancery and its execution enjoined even if void on its face. (*Cooper* v. *Ball,* 14 How. Pr. Rep. 295; *Swain* v. *Chase,* 12 Cal. 283.)

Injunction proper when complainant has no adequate relief. (*Griffith* v. *Brown,* 3 Robr. 627; *Capet* v. *Parker,* 3 Sandf. 622; *Forrester* v. *Wilson,* 1 Duer, 624.)

The writ of *certiorari* would have afforded no adequate relief. The execution was issued by the County Clerk under section 599 of the Practice Act.

*John B. Hall* and *P. S. Wilkes,* for Respondents.

It is the well settled rule in this State that if a judgment be void for want of jurisdiction, the remedy against any attempt to enforce it, is by motion in the Court rendering it, to quash the execution, and to stay the judgment. (*Comstock* v. *Clemens,* 19 Cal. R. p. 77; *Murdock* v. *De Vries,* 37 Cal. 527.)

"The Justice possesses the power at all times to arrest process issued upon judgments entered in his docket which are void." (*Comstock* v. *Clemens, supra.*)

These Courts are always open (Hittell, Articles 1283–4), and the successor of the Justice rendering the judgment has the same power. (Civ. Prac. Act, Secs. 607–8–9.)

The filing of the transcript in the office of the Clerk of the County did not render it a judgment, either of the District or of the County Court; and the power of the Justice

over the execution continued as before the filing.   (*People*
v. *Doe,* 31 Cal. 220.)

By the Court CROCKETT, J.:

The demurrer was properly sustained.   If the judgment
obtained against the plaintiffs was void on the face of the
proceedings in the Justice's Court for want of jurisdiction,
as the complaint avers it to have been, these plaintiffs had
an adequate remedy, by motion in that Court, to arrest the
execution and stay further process on the judgment. (*Logan*
v. *Hillegass,* 16 Cal. 201; *Comstock* v. *Clemens,* 19 Id. 77;
*Sanchez* v. *Carriaga,* 31 Id. 179; *Murdock* v. *De Vries,* 37
Id. 527.)   Nor did the fact that the execution was issued
by the County Clerk, on a transcript of the Justice's docket
filed in his office, obstruct the remedy by motion in the
Justice's Court.   Though issued by the Clerk, the execu-
tion was subject to be recalled by the Justice who rendered
the judgment.

So much of the complaint as seeks the surrender and
cancellation of the note, on the ground of the parol agree-
ment as to pasturage, was barred by the Statute of Limita-
tions at the commencement of the action.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.