[No. 11839.   Department One. — June 29, 1887.]

## JUAN M. LUCO, APPELLANT, v. JOHN F. F. BROWN ET AL., RESPONDENTS.

INJUNCTION — RESTRAINING EXECUTION — JUSTICE'S COURT — VOID JUDG-MENT — MOTION TO SET ASIDE EXECUTION. — An injunction will not lie to restrain the enforcement of an execution issued on a judgment by default rendered in a Justice's Court, which is void on its face for the reason that the court never acquired any jurisdiction of the person of the defendant.  In such a case, the defendant has an adequate remedy at law, by motion in the Justice's Court, to set aside the execution.

APPEAL from an order of the Superior Court of San Diego County dissolving an injunction.

The facts are stated in the opinion.

*Thomas J. Arnold*, for Appellant.

*Leach & Parker*, and *F. D. Nicol*, for Respondents.

BELCHER, C. C.—This action was commenced in the Superior Court of San Diego County, to obtain an injunction restraining the defendants " from levying upon or attaching plaintiff's. property, or any part thereof," under an execution issued upon a judgment rendered against plaintiff in a Justice's Court in Tuolumne County.

The facts set up in the complaint may be briefly stated as follows: —

On the fourteenth day of August, 1885, the defendant Brown filed a complaint in a Justice's Court, in the county of Tuolumne, against the plaintiff here and two other persons, in which he alleged that the defendants were indebted to him in a certain sum of money, for labor and services done and performed by plaintiff for defendants, at their special instance and request.

On the 26th of September following, Brown caused a summons to be issued by the justice upon his com-

plaint, which was served upon plaintiff in the city and county of San Francisco, where he then and has ever since resided, and was never served upon him in the county of Tuolumne. The summons so served was defective and void, because there was not attached to it a certificate under seal by the county clerk of the county of Tuolumne, to the effect that the person issuing the same was an acting justice of the peace at the date of the summons, as required by section 849 of the Code of Civil Procedure. On the —— day of November, 1885, Brown caused the default of plaintiff for not answering to be entered in the cause, and thereupon judgment was made and entered against him for the sum of $252.74. Thereafter Brown caused an abstract of the judgment to be filed in the office of the county clerk of the county, and an execution thereon, under the seal of the Superior Court, to be issued to the sheriff of San Diego County. The defendant Bushyhead is the sheriff of San Diego County, and the execution so issued has been placed in his hands, and under it he is about to levy upon, advertise, and sell the plaintiff's property, situate in his county.

It is then alleged that all the allegations in the complaint filed in the Justice's Court, so far as the plaintiff here is concerned, are untrue; that Brown never at any time performed any work or labor for plaintiff, at his instance or request, or otherwise, and that plaintiff is not, and was not, either individually or in connection with his co-defendants, indebted to Brown in the sum named in his complaint, or in any sum of money whatever, and that he never agreed to pay him the sum alleged in his complaint, or any other sum whatever; that plaintiff never had any notice or knowledge of the commencement of the action in the Justice's Court (except from the service of said void summons upon him), or of the default taken, or of the judgment rendered therein, or of the issuance of the execution, until de-

mand was made upon him by defendant Bushyhead for payment and satisfaction of the same; and that the levy upon and sale of the plaintiff's property, under the execution, will cloud his title and do him irreparable injury.

This action was commenced on the ninth day of February, 1886, and on the same day a temporary injunction was granted. The defendants demurred to the complaint, and on coming on to be heard, their demurrer was sustained and the injunction dissolved. The plaintiff excepted to the rulings of the court, and now prosecutes this appeal therefrom.

Assuming, as claimed by the appellant, that the judgment rendered against him in the Justice's Court was void for the reason that the court never acquired any jurisdiction of his person, still it does not follow that he can maintain this action. The same question was involved in *Comstock* v. *Clemens*, 19 Cal. 77, in which the court, by Field, C. J., said: "The plaintiff seeks to enjoin the sale of certain personal property under an execution issued upon a judgment recovered against him in a Justice's Court, and bases his claim for relief upon the ground that the court never acquired any jurisdiction of his person. He avers that the summons issued in the action, in which the judgment was entered, was never served upon him. If this averment be true, he has an effectual remedy by motion to the court to set the execution aside. The justice possesses the power at all times to arrest process issued upon judgments entered in his docket which are void." And in that case the judgment in favor of the defendants was affirmed.

The same question was again presented in *Gates* v. *Lane*, 49 Cal. 266. There the plaintiffs sought to enjoin the enforcement of an execution, issued on a judgment rendered against them in a Justice's Court, upon the ground that the summons had never been properly

served upon them. The defendants demurred to the complaint, and this court said: "The demurrer was properly sustained. If the judgment obtained against the plaintiffs was void on the face of the proceedings in the Justice's Court, for want of jurisdiction, as the complaint avers it to have been, these plaintiffs had an adequate remedy, by motion in that court, to arrest the execution and stay further process on the judgment. [Citing cases.] Nor did the fact that the execution was issued by the county clerk, on a transcript of the justice's docket filed in his office, obstruct the remedy by motion in the Justice's Court. Though issued by the clerk, the execution was subject to be recalled by the justice who rendered the judgment."

In *Ede* v. *Hazen*, 61 Cal. 360, it is said: "As appears upon the face of their complaint, the plaintiffs discovered within forty days after the entry of the judgment, and within six months after the entry of their default, all the facts upon which they now base their right to have it set aside; and if it be conceded that upon those facts they are entitled to the relief they now claim, it is clear that they had a speedy, complete, adequate summary remedy in the same proceeding, and that the complaint shows no circumstances which entitle them to maintain a separate and distinct equitable action."

Upon the authority of the foregoing cases, we think the demurrer was properly sustained, and that the order dissolving the injunction should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.