[No. 18001.    Department Two. — December 15, 1892.]

## THE HISTORY COMPANY, APPELLANT, v. CHARLES LIGHT, JUSTICE OF THE PEACE, RESPONDENT.

JUSTICE'S COURT — MOTION TO SET ASIDE SERVICE OF SUMMONS — ACTION IN WRONG COUNTY — AFFIDAVITS. — A justice of the peace has jurisdiction to entertain a motion of a defendant to set aside the service of a summons attempted to be made upon him in a county other than that in which the action was pending, in violation of the provisions of section 848 of the Code of Civil Procedure, and the motion is properly made upon affidavits showing the grounds of the motion.

ID. — ALLEGATION OF COMPLAINT — PLACE OF PERFORMANCE OF CONTRACT — INQUIRY AS TO FACT. — The fact that an unverified complaint filed in an action in a justice's court alleges that the contract sued upon was to be performed by the defendant therein in the county in which such action was brought does not foreclose all inquiry as to the fact, or deprive the justice of jurisdiction to pass upon the truth of the allegation upon a motion to set aside the service of summons.

ID. — JURISDICTION TO DECIDE MOTION — CERTIORARI. — Where a court has jurisdiction to hear and decide a motion before it, its decision thereon cannot be reversed or annulled upon *certiorari*, no matter whether the decision was right or wrong, upon the evidence before the court.

ID. — BURDEN OF ·PROOF UPON DEFENDANT. — The burden of proving an im-
proper service of summons in an action in a justice's court, upon a motion
to set aside the service upon affidavits showing the ground of the motion,
is on the defendant, and he is required to present a clear case.

APPEAL from a judgment of the Superior Court of San
Joaquin County.

The facts are stated in the opinion.

*J. B. Webster,* and *L. W. Elliott,* for Appellant.

*R. Percy Wright,* for Respondent.

DE HAVEN, J. — The petitioner commenced this pro-
ceeding in the superior court for the purpose of annul-
ling an order made by a justice of the peace in San
Joaquin County, setting aside the service of a summons
made in a certain action pending in the court of said jus-
tice of the peace, wherein the petitioner was plaintiff, and
one Quackenbush defendant. Upon the return made to
the writ of *certiorari,* the superior court dismissed the
proceeding, and the petitioner appeals.

The justice of the peace had jurisdiction to entertain
the motion of the defendant therein to set aside the ser-
vice of the summons made upon him in a county other
than that in which the action was pending. Section
848 of the Code of Civil Procedure, so far as applicable
to this case, is as follows: —

"Sec. 848. The summons cannot be served out of the
county of the justice before whom the action is brought,
except . . . . when an action is brought against a party
who has contracted to perform an obligation at a par-
ticular place, and resides in a different county, in which
case summons may be served in the county where he
resides."

It is clear that a defendant has the right to move the
court to set aside the service of a summons attempted to
be made in violation of the provisions of this section,
and the motion is properly made, as it was in this case,
upon affidavits showing the grounds of the motion. The

fact that the unverified complaint filed in the action alleged that the contract sued upon was to be performed by the defendant therein in the county in which such action was brought did not foreclose all inquiry as to the fact, and deprive the justice of the peace of jurisdiction to pass upon the truth of that allegation upon the motion to set aside the service of the summons. The burden of proving the improper service is, of course, upon the defendant in such a motion, and he should be required to present a clear case. But the justice having jurisdiction to hear and decide the motion, his decision thereon cannot be reversed or annulled upon *certiorari*, no matter whether such decision was right or wrong, upon the evidence before him. (*Buckley* v. *Superior Court*, 96 Cal. 119; *Sherer* v. *Superior Court*, 96 Cal. 653.) The action of the superior court in dismissing the proceeding was correct, and must be affirmed.

Judgment affirmed.

GAROUTTE, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.