[S. F. No. 6104.   Department Two.—May 16, 1913.]

H. NEWMAN and I. KORN, Copartners Doing Business Under the Name of NEWMAN & KORN, Respondents, v. FRANK BARNET, as Sheriff of Alameda County and C. A. WRIGHT, Defendants. FRANK BARNET, Appellant.

JUSTICES' COURTS—SPECIAL JURISDICTION—AFFIRMATIVE SHOWING OF JURISDICTIONAL FACTS.—The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction, and a party who asserts a right under a judgment rendered in such court must show affirmatively every fact necessary to confer such jurisdiction.

ID.—SERVICE OF SUMMONS OUTSIDE OF COUNTY—CONTRACT NOT IN WRITING—EXECUTION—JUSTIFICATION BY SHERIFF.—A sheriff, in justifying the levy of an execution issued upon a judgment of a justice's court, rendered by default upon a service of summons made upon the defendant outside of the county in which the action was brought, must show affirmatively that the justice's court had jurisdiction to enter it. It was essential in making such proof to show that the action itself was based upon a contract in writing, as provided in section 848 of the Code of Civil Procedure, which alone would warrant the service of summons on defendants residing outside the county.

ID.—INJUNCTION AGAINST ENFORCEMENT OF JUDGMENT—DENIAL OF APPLICATION TO VACATE SERVICE OF SUMMONS AND JUDGMENT.—A default judgment rendered by a justice's court in an action to enforce

a contract not in writing, upon a service of summons made outside of the county in which the action was brought, is void, and the defendant, after a denial by the justice's court of his application to set aside the service of summons and the judgment, is entitled to an injunction against the execution of the judgment.

ID.—RECALL OF EXECUTION—STAY OF EXECUTION.—To entitle the defendant to such injunctive relief, it was not necessary for him to move in the justice's court, in terms, for the recall of the execution or for a stay of further proceedings on the judgment.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, for Appellant.

E. A. Holman, for Respondents.

LORIGAN, J.—Plaintiffs brought this action in the superior court of Alameda County to enjoin the defendant Barnet, as sheriff of said county, from selling their property levied on by him under an execution issued by the clerk of the superior court of San Joaquin County, upon a judgment recovered against plaintiffs in a justice's court of said San Joaquin County.

Judgment was entered in said superior court in favor of plaintiffs, enjoining the sale as prayed for. This appeal is from said judgment alone, and the only question presented is, do the findings sustain the judgment.

It appears from the findings that one C. A. Wright brought an action in the justice's court of O'Neal township in San Joaquin County against defendants for the value of goods, wares, and merchandise alleged to have been sold and delivered to defendants; that none of the defendants (plaintiffs in the present suit) ever resided in O'Neal township or in San Joaquin County, but at all times were residents of the city of Oakland in Alameda County; that the complaint in said action in the justice's court contained no allegation as to the residence of defendants therein, nor that the said defendants had contracted in writing respecting the purchase of said goods; in fact, aside from the absence of any allegation in the complaint

on this latter subject, the court found as a fact that the alleged agreement by defendants respecting the purchase of said goods, wares, and merchandise, was not in writing, but entirely oral; the service of summons was made on the defendants in Alameda County; a default judgment was entered against them in said justice's court on March 2, 1910, and on April 6, 1910, the execution, the enforcement of which was sought in this action to be enjoined, was levied on the property of defendants. It was further found that on April 22, 1910, defendants appeared specially in said justice's court and moved to set aside the service of summons and said default judgment, which motion was denied.

It is provided by section 848 of the Code of Civil Procedure relative to the service of summons in justice's courts that a summons cannot be served outside of the county wherein the action is brought except—"2. When the action is brought against a party who has contracted in writing to perform an obligation at a particular place, and resides in a different county, in which case the summons may be served in the county where he resides."

It is well settled that where one relies on a judgment rendered in a justice's court, the burden is upon him to show that the justice has acquired jurisdiction to render it. "The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction, and a party who asserts a right under a judgment rendered in such court must show affirmatively every fact necessary to confer such jurisdiction." (*Rowley* v. *Howard,* 23 Cal. 401.)

The appellant in relying on the judgment of the justice's court, under which he was proceeding to sell the property of plaintiff, was bound to show affirmatively that the court had jurisdiction to enter it. And where, as here, the summons was served outside the county in which the action in the justice's court was brought, it was essential in making such proof to show that the action itself was based upon a contract in writing, as provided in section 848 of the Code of Civil Procedure, which alone would warrant the service of summons on defendants residing outside the county. Unless such a showing was made, the justice's court acquired no jurisdiction over the person of the defendants by service upon them outside the county, and a default judgment based on such service

was invalid. No such showing was made in support of the justice's judgment relied on in this action by appellant. In fact, as we have stated, it does not appear from the complaint filed in the justice's court that defendants had contracted in writing to perform the obligation sued on in the township where the action had been brought, but as a fact the court found that no such contract was made, but that the contract was entirely oral. Under this showing it is clear that no valid service of summons could be or was had outside of the county where the action was brought, that the justice acquired no jurisdiction over the defendants, and, hence, no valid judgment against them was entered by him.

We do not, however, understand the appellant to attempt in his brief to sustain the validity of this justice's court judgment. His main, and, as we gather it, his sole contention is that the plaintiffs, by resorting to injunction in the present action, have mistaken their remedy; that it was not the duty of the justice to determine, before entering judgment by default, whether the contract sued on was in writing; whether defendants, or one of them, resided in the county, or whether defendants were residents of the county when the action was brought or when the obligation was incurred, and thereafter departed therefrom, under any of which circumstances, by various subdivisions of section 848, service might be made on them outside the county; that if the judgment of the justice is void on the face of the proceedings, or invalid for any reason, the defendants had a plain, speedy, and adequate remedy at law by motion and a proper showing in the justice's court itself to quash the service of summons before judgment entered, or after judgment to move to arrest the execution and further proceedings under the judgment, and, if these motions were denied, to appeal to the superior court.

This claim of appellant is based on the familiar rule that a court of equity will not grant relief where the party seeking it has an effectual remedy at law, and particular reliance is placed on the cases of *Luco* v. *Brown,* 73 Cal. 3, [2 Am. St. Rep. 772, 14 Pac. 366], and *History Co.* v. *Light,* 97 Cal. 56, [31 Pac. 627]. These cases relied on, applying the general rule above stated, held that a party will not be heard in a court of equity to enjoin the sale of property under an execution issued on a justice's judgment, until he has made applica-

tion in a justice's court for relief—made some appropriate motion to set aside the judgment or annul proceedings under it. But the clear answer to this contention of the appellant is that the defendants did make their application for relief in the justice's court and it was denied. It was not necessary for them to move in that court, in terms, for the recall of the execution or for a stay of further proceedings on the judgment. A full compliance with the equitable rule was had when they moved to set aside service of the summons and the judgment which, if granted, would have set at large all process and proceedings taken under it. No appeal lies from the action of the justice's court on such a motion, hence, when respondents made their motion to set aside the judgment and it was denied, they had done all they were required to or could do as a prerequisite to invoking the interposition by injunction of a court of equity to obtain the relief they sought in the present action and which the court properly awarded them.

The judgment appealed from is affirmed.

Henshaw, J. and Melvin, J., concurred.

Hearing in Bank denied.