[Civ. Nos. 3360 and 3390. First Appellate District, Division Two.—June 29, 1920.]

W. D. V. SMITH, Appellant, v. JAMES ROSS, as Sheriff, etc., Respondent.

[1] JUSTICE'S COURT—LIMITED JURISDICTION—JUDGMENT — PLEADING. The justice's court, being of limited jurisdiction, one relying on its judgment must show affirmatively every fact necessary to confer jurisdiction.

[2] ID.—WANT OF JURISDICTION—DEFAULT JUDGMENT — EXECUTION — INJUNCTION.—In the absence of any showing that a motion to set aside the execution was made and denied, or of other facts showing special circumstances of fraud or hardship, an injunction will not lie to restrain the enforcement of an execution issued on a default judgment in a justice's court in a suit where the justice had not acquired jurisdiction.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order setting aside a temporary restraining order.   S. E. Crow, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. P. Butcher for Appellant.

W. C. Wilde for Respondent.

BRITTAIN, J.—The plaintiff appeals from a judgment entered after his refusal to amend his complaint on demurrer being sustained with leave to amend, and also from an order setting aside a temporary restraining order. The judgment must be affirmed on the ground that the complaint did not show sufficient facts to constitute a cause of action for equitable relief by injunction, and this result renders unnecessary consideration of any matters presented by the appeal from the collateral order.

Summarized, the complaint shows that the plaintiff is a resident of the county of Santa Barbara and was never a resident of San Diego County; that he was sued by one Creamer in a justice's court in the latter county, on a claim based on an oral contract, made payable in Santa Barbara; that no part note, or memorandum of the contract was in writing; that summons in the action was served on the plaintiff in Santa Barbara County; that default judgment was entered in the action; that an abstract of the judgment was filed in the office of the county clerk of San Diego County and an execution thereupon issued to the defendant sheriff of Santa Barbara County; and that the defendant as such sheriff will, unless restrained by injunction, levy upon property of the plaintiff in Santa Barbara County to satisfy the judgment which the plaintiff alleges to be void. It is further alleged that the plaintiff, in the event of such levy, will suffer great and irreparable injury and that he has no speedy or adequate remedy at law.

It is provided by section 848 of the Code of Civil Procedure that in a suit in a justice's court the summons cannot be served outside of the county wherein the action is brought except "When the action is . . . against a party

who has contracted in writing to perform an obligation in a particular place, and resides in a different county, in which case the summons may be served in the county where he resides.''

[1] The justice's court being of limited jurisdiction, one relying on its judgment must show affirmatively every fact necessary to confer jurisdiction. (*Rowley* v. *Howard*, 23 Cal. 401.) Under the facts pleaded and assumed for the present purpose to be true, it is shown that the default judgment was entered without jurisdiction of the person of the defendant by service of summons in that action.

[2] It does not follow that the plaintiff in the present action stated sufficient facts to warrant the relief demanded in his complaint. No facts were alleged from which the legal conclusion could properly be drawn that he had not a plainer, speedier, and more adequate remedy at law than in equity. Upon authority it was determined in this state as early as 1887 that injunction will not lie to restrain the enforcement of an execution issued on a default judgment in a justice's court in a suit where the justice had not acquired jurisdiction, for the reason that the defendant has an adequate remedy at law by motion in the justice's court to set aside the execution. (*Luco* v. *Brown*, 73 Cal. 3, [2 Am. St. Rep. 772, 14 Pac. 366].) It may be that if such a motion were made and denied, or other facts were alleged showing special circumstances of fraud or hardship, a court of equity might be moved to grant injunctive relief, but no such facts are set forth in the complaint under consideration as were shown in a case on which the appellant chiefly relies, and which does not sustain his contentions. (*Newman* v. *Barnet*, 165 Cal. 423, 132 Pac. 588].) In that case it was shown on the trial that the plaintiff in equity had applied for relief in the justice's court and that it was denied. In this case the plaintiff did not allege that he had made any application for the relief the law provides, and under the rule that it must be presumed the pleader has stated the facts as strongly as the truth will permit, the conclusion is irresistible that no such application was made.

The judgment and order appealed from are both affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1920.

All the Justices concurred.