[Sac. No. 3513. In Bank.—March 6, 1925.]

## J. M. ISERT, Appellant, v. W. H. RIECKS, as Sheriff, etc., et al., Respondents.

[1] APPEAL — PLEADING — DEMURRER — ADMISSIONS — PRESUMPTIONS. The effect of a demurrer to a complaint being to admit all of the allegations of the complaint which are well pleaded, it must be assumed, for the purpose of reveiwing upon appeal the judgment entered after a demurrer has been sustained, that all of the facts of the case are as alleged in the complaint.

[2] JUSTICE'S COURT — LACK OF JURISDICTION — INJUNCTION. — In a suit to enjoin the sale of real property on an execution issued on a justice court's judgment, and to vacate and annul the judgment, where the complaint alleges that the defendant never had been a resident of the county in which the justice's court action was brought, but that he was at all times a resident of another county, that the alleged contract upon which the action was based was not made or entered into within the county in which the action was brought and was not to be performed therein, while the justice's court had jurisdiction to hear and determine a motion to quash the service of summons made out of the county in which the action was brought, under the facts alleged in the injunction suit, the justice's court never acquired jurisdiction of the person of the defendant therein and its judgment was wholly void, though not void upon its face.

[3] ID.—VOID JUSTICE'S COURT JUDGMENT — RELIEF—INJUNCTION. — While a defendant in a justice's court action who has been improperly served with summons out of the county in which the action was brought must have made some effort to obtain relief at law, either by motion in the case or by appeal from the judgment or by some other means, before he is en-

2. See 15 Cal. Jur. 473.
3. See 14 Cal. Jur. 217.

titled to invoke injunctive relief in a separate action, such a party sufficiently complied with said rule when he appeared specially in the justice's court upon a motion to quash the service of summons setting forth the fact by affidavit showing the illegality of the service, and it makes no difference whether such application was made before or after judgment in the justice's court.

[4] ID.—SERVICE OF SUMMONS OUTSIDE COUNTY—SECTION 848, CODE OF CIVIL PROCEDURE—PURPOSE OF SECTION.—The purpose of section 848 of the Code of Civil Procedure, prohibiting the service of summons in a justice's court action outside the county, except in certain cases therein specified, is to protect a defendant who has been sued in violation thereof in a justice's court of a county other than that of his residence upon a small claim, from the expense, inconvenience, and loss of time incident to the conduct of litigation at a place far distant from his residence; and to hold that he must make repeated applications for relief to the justice's court in which he is thus wrongfully sued would be to defeat *pro tanto* the purpose of this statute.

[5] ID.—JUDGMENT VOID IN FACT—RELIEF.—While a judgment which is void upon its face may be attacked at any time, either directly or collaterally, the better practice in the case of a judgment, which, while void in fact for want of jurisdiction, is not void upon its face, is to attack it by a separate action.

[6] ID.—INJUNCTION PENDENTE LITE—DISCRETION.—While it is the general rule that the granting or denial of an application for an injunction *pendente lite* rests in the sound discretion of the trial court and its action thereon will not be disturbed on appeal except where it appears that such discretion has been abused, an order denying such application in a suit to enjoin an execution sale on a void justice's court judgment will be reversed, where it does not appear that there was any occasion for the exercise of such discretion or for the balancing of equities and there was no question involved as to whether the probable injury to the defendants from the granting of the temporary injunction would be greater than the probable injury to the plaintiff from the denial thereof and that the defendants are fully protected and cannot be substantially injured by the injunction.

---

(1) 4 C. J., p. 747, n. 32; 31 Cyc., p. 333, n. 76. (2) 35 C. J., p. 536, n. 72, p. 552, n. 72, p. 657, n. 49. (3) 35 C. J., p. 682, n. 98. (4) 34 C. J., p. 514, n. 49, p. 532, n. 30 New. (5) 4 C. J., p. 803, n. 87; 23 C. J., p. 556, n. 19, p. 560, n. 93, 94; 32 C. J., p. 29, n. 13, p. 32, n. 22.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying an application for an injunction *pendente lite* and vacating and dissolving a restraining order. J. A. Plummer, Judge. Reversed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Neumiller & Ditz for Respondents.

MYERS, C. J.—This was a suit in equity for an injunction to restrain the defendant sheriff from selling certain real property of the plaintiff situate in San Joaquin County upon an execution issued out of the justice's court of the city and county of San Francisco. The plaintiff herein, Isert, was made defendant in an action brought in the justice's court of the city and county of San Francisco to recover the sum of one hundred dollars alleged to be due to the defendant State Compensation Fund, plaintiff in that action, as a premium upon a policy of insurance alleged to have been issued by said fund to him. In the complaint in that action it was alleged that the said Isert had "agreed in writing to pay at the City and County of San Francisco, State of California" the premium sued for. The summons therein was served upon Isert in San Joaquin County and in due time he appeared specially in the justice's court upon a motion to quash the service of summons, upon the ground, as stated in his affidavit and notice of motion, that he was a resident of San Joaquin County; that he was not and never had been a resident of the city and county of San Francisco, and that he had never made or entered into any agreement in writing or otherwise to purchase said policy of insurance or to pay any premium thereon. This motion came on regularly for hearing upon notice in the justice's court of the city and county of San Francisco, and after hearing thereon the motion was denied. Isert took no further action in the justice's court proceeding and thereafter judgment was rendered against him by default for the sum sued for. Execution issued upon this judgment was delivered to the defendant sheriff of San Joaquin County and was levied by him upon real property in that county belonging to Isert,

which was advertised for sale, whereupon Isert brought this action in the superior court of San Joaquin County to enjoin such sale and to have the judgment vacated and annulled. The plaintiff having applied for an injunction restraining the sale of said property *pendente lite* an order to show cause was granted thereon and in connection therewith an interim restraining order. Upon the return of the order to show cause and after a hearing thereon the court made its order denying plaintiff's application for an injunction *pendente lite* and vacating the interim restraining order theretofore made. Thereafter the general demurrer of the defendants to the complaint herein was sustained by the court and, the plaintiff declining to amend, judgment in favor of defendants followed. Plaintiff appeals herein from said judgment and also from the order denying his application for an injunction *pendente lite* and vacating and dissolving the interim restraining order theretofore entered.

[1] The effect of the demurrer being to admit all of the allegations of the complaint which were well pleaded, we must assume, for the purpose of reviewing the judgment upon appeal, that all of the facts of the case are as alleged in the complaint herein. We must assume, therefore, that Isert has never been a resident of the city and county of San Francisco, but was at all times a resident of San Joaquin County; that the alleged contract which forms the basis of the action in the justice's court was not made or entered into within the city and county of San Francisco, and that it was not to be performed therein. [2] It follows that while that court had jurisdiction to hear and determine the motion to quash the service of summons (*History Co.* v. *Light,* 97 Cal. 56 [31 Pac. 627]), nevertheless, assuming the facts to be as alleged in the complaint herein, that court never acquired jurisdiction of the person of the defendant therein and its judgment was wholly void, though not void upon its face. (Code Civ. Proc., sec. 848; *Smith* v. *Ross,* 48 Cal. App. 360 [191 Pac. 974]; *Newman* v. *Barnet,* 165 Cal. 423 [132 Pac. 588].) [3] Respondents concede in effect the validity of the foregoing conclusions, but contend that the plaintiff herein is nevertheless not entitled to the equitable relief which he is here seeking, for the reason that it was incumbent upon him to first exhaust his remedy at law, either by moving in the justice's court

to set aside the judgment, or to recall the execution, or by appealing to the superior court from the judgment of the justice's court. In support of this contention they cite a long list of decisions, of which the case of *Luco* v. *Brown,* 73 Cal. 3 [2 Am. St. Rep. 772, 14 Pac. 366], and *Smith* v. *Ross, supra,* are fairly illustrative, holding that an injunction will not lie to restrain the enforcement of an execution on a judgment by default in a justice's court which is void for the reason that the court never acquired jurisdiction of the person of the defendant, unless such defendant shall have first pursued his remedy at law, either by motion in the justice's court to set aside the execution or judgment or by appeal therefrom to the superior court. The cases cited by respondents are not at all determinative of the question of the extent to which a defendant who has been wrongfully sued in a justice's court of a county other than that of his residence is required to pursue his remedy at law before he may properly seek equitable relief. In none of those cases did the defendant make any effort whatsoever to obtain relief at law, either by motion to quash the service of summons or by motion to vacate the judgment or to recall the execution or by appeal from the judgment. Those cases, therefore, hold no more than this: that such a defendant must have made some effort to obtain relief at law, either by motion in the case or by appeal from the judgment or by some other means, before he is entitled to invoke injunctive relief in a separate action. The case of *Newman* v. *Barnet, supra,* is much more nearly in point herein and sheds more light upon this question. The plaintiffs in that action, who were residents of Alameda County, were sued in the justice's court in San Joaquin County in an action upon contract for goods sold and delivered. The complaint in that action contained no allegation as to the residence of defendants therein, nor did it allege whether or not the contract sued upon was in writing. The defendants having been served with summons made no appearance in the justice's court until after judgment had been rendered against them upon default. Thereafter they appeared specially in the justice's court and moved to set aside the service of summons and the default judgment, which motion was denied. An execution issued under the judgment having been levied upon defendants' real property they brought suit in

equity, as did the plaintiff herein, for an injunction to restrain the sale thereof. Upon appeal from the judgment granting the injunction the defendants' contention was substantially the same as made by the defendants herein, namely, that the plaintiffs were not entitled to the equitable relief of an injunction for the reason that they had not wholly exhausted their remedy at law, citing *Luco* v. *Brown, supra,* and *History Co.* v. *Light, supra.* In response to this contention the court said: ''These cases relied on, applying the general rule above stated, held that a party will not be heard in a court of equity to enjoin the sale of property under an execution issued on a justice's judgment, until, he has made application in a justice's court for relief—made some appropriate motion to set aside the judgment or annul proceedings under it. But the clear answer to this contention of the appellant is that the defendants did make their application for relief in the justice's court and it was denied. It was not necessary for them to move in that court, in terms, for the recall of the execution or for a stay of further proceedings on the judgment. A full compliance with the equitable rule was had when they moved to set aside service of the summons and the judgment which, if granted, would have set at large all process and proceedings taken under it. No appeal lies from the action of the justice's court on such a motion, hence, when respondents made their motion to set aside the judgment and it was denied, they had done all they were required to or could do as a prerequisite to invoking the interposition by injunction of a court of equity to obtain the relief they sought in the present action and which the court properly awarded them.'' This is, in effect, a holding that a defendant in such circumstances, who has made an appropriate though ineffective application for relief in the justice's court, by an appropriate motion, supported by a proper showing, has done all that he is required to do as a condition precedent to invoking injunctive relief. We are unable to see that it makes any difference whether such application is made before or after judgment in the justice's court. A motion to quash the service of summons is as appropriate to this end as would be a motion to vacate the judgment or to recall the execution. Each of these motions would be based upon precisely the same ground, to wit, that under the facts of the case

the service of summons in a county other than that in which
the action was commenced was unauthorized and, therefore,
void. We are aware of no reason, and none has been sug-
gested by respondents herein, for concluding that plaintiff
herein should have waited until after judgment was rendered
before making his motion to quash the service of summons, or
that he should have repeated the same application by a mo-
tion to vacate the judgment. The ruling of the justice's court
upon such motion would have been the same in either event,
because both motions would be governed by the same state
of facts and the same rules of law. The plaintiff herein
having duly presented in the justice's court his motion to
quash the service of summons upon the ground that the same
was unauthorized and, therefore, void, and that motion hav-
ing been denied after a hearing thereon, it would have been
a vain and useless thing for him to thereafter present the
same motion to the same court upon the same ground in the
form of a motion to vacate judgment. [4] The purpose of
the cited code section is to protect a defendant, who has been
sued in violation thereof in a justice's court of a county
other than that of his residence upon a small claim, from
the expense, inconvenience, and loss of time incident to the
conduct of litigation at a place far distant from his resi-
dence. To hold that he must make repeated applications for
relief to the justice's court in which he is thus wrongfully
sued would be to defeat *pro tanto* the purpose of this stat-
ute. It is suggested that "in the *Newman* v. *Barnet* case
the plaintiffs proceeded to the point where the invalidity of
the justice's court judgment was disclosed and where the
court responsible for it refused any relief from it." That
is precisely what happened in the case at bar. The plaintiff
herein proceeded to the point where the invalidity of the
justice's court judgment was disclosed to that court and
that court denied relief (assuming the facts to be as alleged
in the complaint herein). We are satisfied that the case
at bar is ruled by the case of *Newman* v. *Barnet, supra,* and
that the plaintiff herein has done all that he is required to
do preliminary to the seeking of an injunction. [5] It is
suggested that the case of *Newman* v. *Barnet* is inapplicable
to the case at bar for the reason that the judgment in that
case was void upon its face, whereas the judgment herein,
though void in fact, is not void upon its face. We are not
prepared to hold that the judgment in the Newman case was

void upon its face. It did not appear from the record therein that the defendants therein were not residents of the county in which the action was brought. Neither did it there appear that the contract sued upon was not in writing, except as this might be inferred from the failure to allege in the complaint that it was in writing. But, assuming that the judgment in that case was void upon its face, we are aware of no reason, and none has been suggested to us, why this circumstance should lead to a different rule with respect to the duty of the defendant seeking relief therefrom. This court did not base its decision in that case upon the circumstance that the judgment was void upon its face. It did not even so decide. On the other hand, this court has held that while a judgment which is void upon its face may be attacked at any time, either directly or collaterally, the better practice in the case of a judgment which, while void in fact for want of jurisdiction, is not void upon its face, is to attack it by a separate action. (*People* v. *Harrison,* 84 Cal. 607, 608 [24 Pac. 311]; *People* v. *Thomas,* 101 Cal. 571, 575 [36 Pac. 9].)

[6] It is the general rule that the granting or denial of an application for an injunction *pendente lite* rests in the sound discretion of the trial court and its action thereon will not be disturbed upon appeal except where it appears that such discretion has been abused. However, it does not appear that there was herein any occasion for the exercise of such discretion upon the application for the temporary injunction. There was here no occasion for the balancing of equities and there was no question involved as to whether the probable injury to the defendants from the granting of the temporary injunction would be greater than the probable injury to the plaintiff from the denial thereof. The defendants' lien upon plaintiff's land by virtue of the levy of execution thereon will continue until the termination of this action. They are fully protected, therefore, and cannot be substantially injured by an injunction restraining the sale pending the determination of the action, and the temporary injunction should have been granted.

The order and judgment appealed from are, therefore, reversed.

Waste, J., Lennon, J., Lawlor, J., Richards, J., Seawell, J., and Shenk, J., concurred.