[Department Two. — July 31, 1883.]

# PHILIP RICHARDS, APPELLANT, v. JOHN DOWER, JR., RESPONDENT.

INJUNCTION — IRREPARABLE INJURY. — The solvency of a person who is about to construct a tunnel through the land of another does not affect the right of the latter to an injunction. The injury would be irreparable in its nature.

ID. — FINDINGS OF FACT. — A finding that the injury would not be irreparable is inconsistent with a finding showing the permanent character of the tunnel.

ID. — DISCRETION — REVIEW ON APPEAL. — The rule that the granting or refusing of injunctions involves the exercise of discretion which cannot be reviewed on appeal except for the correction of abuses, has no application to a judgment granting or refusing an injunction after a final hearing on the merits. It applies more especially, if not exclusively, to preliminary injunctions.

APPEAL from a judgment of the Superior Court of Nevada County.

The action was brought to enjoin the defendant from constructing a tunnel through a lot owned by the plaintiff in the city of Nevada. The construction of the tunnel was in progress at the commencement of the action, and extended about fifteen feet into the lot. It was twenty feet below the surface, and would pass when completed one hundred and fifty feet through the lot. The dimensions of the tunnel do not appear, but the court finds that it was being constructed for the purpose of working and developing a quartz ledge, and conveying away the rock and other matter therefrom. A preliminary injunction was granted, but on the final hearing, the injunction was dissolved, and a judgment rendered for the defendant. The additional facts are sufficiently stated in the opinion of the court.

*J. M. Walling*, for Appellant.

*Johnson & Mason*, for Respondent.

SHARPSTEIN, J. — The court found, that at the time of the commencement of this action, the defendant had excavated and projected a tunnel under the lot of the plaintiff, a distance of fifteen feet, and was engaged in the further extension thereof, and threatened to continue the same, but that said tunnel has not affected, and will not, if completed, affect injuriously or otherwise the surface ground of plaintiff's said lot. There is a further finding, "that the driving of the tunnel was not and

will not, if completed, cause the plaintiff irreparable injury or
injure said lot in any way." And another, "that the defendant
is not insolvent." And as a conclusion of law from the fore-
going facts the court found that the defendant was entitled to a
dissolution of an injunction previously granted, and ordered
judgment to be entered to that effect. From that judgment the
plaintiff appealed, and the questions which the record presents
are: 1. Did the court err in its said conclusion of law? 2. Was
the continuation or dissolution of the injunction, by the court
which granted it, so much a matter of discretion as to preclude
any interference here with the action of that court in the prem-
ises? As late as *Mogg* v. *Mogg*, Dick. 670, Lord Thurlow was
unable to find a precedent for granting an injunction to restrain
a mere trespasser from cutting timber on another person's land.
But in Flamang's case, where a landlord of two closes, had
let one to a tenant, who took coal out of that close, and also
out of the other, which was not demised, the difficulty was
whether the injunction should go as to both, and Lord Thurlow
ordered it as to both; and on the authority of that case Lord
Eldon, in *Mitchell* v. *Dors*, 6 Ves. 147, granted "an injunction
against the defendant, who having begun to get coal in his own
ground, had worked into that of the plaintiff."

In *Thomas* v. *Oakley*, 18 Ves. 184, Lord Eldon expressed the
opinion that it had then been settled in England that an injunc-
tion would be granted to restrain a mere trespasser from cutting
timber, or taking coal or lead ore from another person's land,
and in that case he granted an injunction to restrain the defend-
ant from removing stone from the plaintiff's quarry, on the
ground that the defendant was taking the substance of the
inheritance — removing that which was the plaintiff's estate.
He said the difference in value between stone and coal, or stone
and lead ore could not be considered in that case. From which
we infer that in his opinion the right to an injunction in such a
case did not depend on the value of the substance which was
threatened with removal, but upon the fact of its constituting
the inheritance or estate of its owner. And in that light the
kind or quality of the substance would be quite as immaterial as
the value of it. And such we understand to be the rule in this
State. In *More* v. *Massini*, 32 Cal. 594, the court says: "The

gravamen is a threatened trespass upon land. The trespass is in the nature of waste, and it will be committed unless the defendant is restrained. Should the threat be fulfilled, the plaintiff would be deprived of a part of the substance of his inheritance, which could not specifically be replaced. In the class to which this case belongs no allegation of insolvency is necessary. The injury is irreparable in itself." (Citing *Merced Mining Co.* v. *Fremont,* 7 Cal. 322; *Hicks* v. *Michael,* 15 Cal. 116; *Leach* v. *Day,* 27 Cal. 646; *People* v. *Morrill,* 26 Cal. 360.)

The findings show that the tunnel which the defendant is constructing through the plaintiff's land is of a permanent character. It disturbs the plaintiff's possession, and if permitted to continue will ripen into an easement. That of itself is sufficient to entitle him to an injunction. (*Poirier* v. *Fetter,* 20 Kan. 47; *Johnston* v. *City of Rochester,* 13 Hun, 285; *Williams* v. *N. Y. Cent. R. R. Co.* 16 N. Y. 97.)

The finding that the injury is not irreparable is inconsistent with the findings which describe the character of the work which it is sought to have enjoined. "The injury is irreparable in itself," and the solvency of the defendant is an immaterial circumstance.

The findings leave no room for doubt as to the plaintiff's title to the premises, and that, coupled with the fact that the threatened injury is *per se* irreparable, entitles the plaintiff to the relief demanded in his complaint; and we think the error committed by the court in dissolving the injunction should be corrected.

Cases of palpable error or abuse of discretion are excepted from the rule under which this court declines to interfere with the granting, refusing, continuing, or dissolving of injunctions; and that rule applies more especially, if not exclusively, to preliminary injunctions. We do not think that it applies to a case in which an injunction is continued or dissolved after trial and findings upon all the material issues.

In that case, as in any other in which the findings do not support the judgment, it should be reversed.

Judgment reversed and cause remanded with directions to the court below to enter judgment on the findings, that the injunction issued in the first instance be perpetual, and that the plaintiff recover his costs.

MYRICK, J., and THORNTON, J., concurred.