[S. F. No. 17109. In Bank. Jan. 29, 1946.]

RAYMOND F. THOMPSON etc., et al., Appellants, v. MOORE DRYDOCK COMPANY (a Corporation) et al., Respondents.

596

Andersen & Resner, George R. Andersen and Herbert Resner for Appellants.

Brobeck, Phleger & Harrison, Marion B. Plant, Charles J. Janigian and William H. Hollander for Respondents.

GIBSON, C. J.—The plaintiffs in this action, as in the companion case of *Williams* v. *International Brotherhood of Boilermakers, ante,* page 586 [165 P.2d 903], seek to enjoin an international union and affiliated locals from discriminating against them on account of race and color and to restrain their employer from assisting the unions in carrying out the alleged discriminatory practices. The demurrer of the employer, Moore Drydock Company, was sustained without leave to amend. The demurrers of the other defendants were overruled but plaintiffs' application for a preliminary injunction against them was denied. Plaintiffs appeal from the judgment of dismissal in favor of the employer and from the order denying a preliminary injunction.

The cause of action alleged in the complaint is almost identical with that pleaded in the Williams case, and under the rules announced in that decision the judgment in favor of the employer here must be reversed.

With regard to the union defendants, however, the present action differs from the Williams case in that there the trial court dismissed all of the defendants and denied the application for a preliminary injunction without considering the matter on its merits, whereas here a preliminary injunction was refused although the demurrers of the union defendants were overruled. The union defendants contend that material allegations of the complaint were controverted and that, therefore, the trial court acted within its discretionary powers in denying the application for a preliminary injunction.

An appellate court will not interfere with an order denying a preliminary injunction unless there is an abuse of discretion (see *People* v. *Black's Food Store,* 16 Cal.2d 59, 61 [105 P.2d 361]; 14 Cal.Jur. 180-183), but such an order will be reversed if the evidence does not afford a sufficient basis to support it. (*Isert* v. *Riecks,* 195 Cal. 569 [234 P. 371]; *Ellis* v. *American Federation of Labor,* 48 Cal.App.2d 440 [120 P.2d 79]; *Carolina Pines, Inc.* v. *Catalina Pines,* 128 Cal.App. 84 [16 P.2d 781]; see 14 Cal.Jur. 182-183.)

Plaintiffs are Negroes employed as skilled shipyard workers by defendant, Moore Drydock Company, which has a closed shop contract with the International Brotherhood. It is undisputed that they are denied membership in the local unions because of their race and color, and that as a condition to employment, they were compelled to join certain auxiliary lodges. The union defendants admit that all the business and

activities of the locals and the auxiliaries are conducted in accordance with the "Constitution and By-Laws" and the "By-Laws Governing Auxiliary Lodges" of the International Brotherhood. These instruments, which are incorporated in the record as exhibits to defendants' affidavits, contain the same rules which were held to be discriminatory in *James* v. *Marinship Corp.*, 25 Cal.2d 721, 736-739 [155 P.2d 329]. The affidavits of defendant unions also show that, in addition to the adoption of the foregoing rules, certain admitted conduct of the local unions is discriminatory.

The unions contend that the trial court could properly have found that plaintiffs did not act in good faith since it is denied that they brought the action as representatives on behalf of other Negro shipyard workers. Even if we assume that plaintiffs do not represent the other Negro workers, this would not deprive plaintiffs of the right to maintain the action on their own behalf.

It is also claimed that the court could have found that plaintiffs are not acting in good faith because it is alleged they accepted or applied for membership in the auxiliaries, thereby agreeing to be bound by the rules of the International Brotherhood. Such an agreement, however, cannot bind them to accept or retain membership in the auxiliaries under union rules and practices which are contrary to public policy. (*Cf. Cameron* v. *International Alliance of Theatrical Stage Employees* (1935), 118 N.J.Eq. 11 [176 A. 692, 97 A.L.R. 594].)

It is next contended that there is evidence from which the court could have found that this action was not prosecuted with diligence. Although it may be that the suit was not brought promptly, mere delay does not constitute laches in the absence of a showing of prejudice. (*Austin* v. *Hallmark Oil Co.*, 21 Cal.2d 718, 735 [134 P.2d 777]; *cf. Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 735-736 [146 P.2d 673, 151 A.L.R. 1062].) No such showing has been made here, and the mere fact that plaintiffs were willing to work for a limited time under discriminatory conditions does not forever bar them from seeking relief.

The undisputed facts justify the issuance of a preliminary injunction, and defendants have shown no equitable ground upon which relief could properly be denied. It should be noted in this connection that when the trial court passed upon the questions of law and fact involved here it did not have the benefit of our decision in *James* v. *Marinship Corp.*,

25 Cal.2d 721 [155 P.2d 329], which determined for the first time in California important questions bearing directly upon the issues of this case.

The judgment of dismissal in favor of defendant Moore Drydock Company and the order denying a preliminary injunction are reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondents' petition for a rehearing was denied February 25, 1946.