[Civ. No. 16775.   Second Dist., Div. One.   Apr. 21, 1949.]

JEWISH PUBLICATIONS, INC., Plaintiff and Appellant, v. ELI GORDON et al., Defendants and Appellants.

Cummins, Goodstein & Paltun and David H. Paltun for Plaintiff and Appellant.

Fred Horowitz and Joseph Friedman for Defendants and Appellants.

DRAPEAU, J.—Jewish Publications, Incorporated, is a California corporation engaged in publishing a Jewish newspaper named B'nai B'rith Messenger. This paper has been published by plaintiff and its predecessors since April, 1898. It is a weekly of general circulation, principally read by people of the Jewish race.

The defendants are members of a Jewish fraternal organization named B'nai B'rith. As such members of the order, and in consequence of authority from the Grand Lodge of the order, they were about to commence the publication of a monthly newspaper to be named B'nai B'rith Record, to be circulated among members of the order locally in the Los Angeles area, when the plaintiff brought the action now under review to enjoin the use by the defendants of the name proposed.

The trial court adjudged that the Record had the right to use the name B'nai B'rith Record, but limited its subscription lists to members of the order and auxiliary organizations thereof, and to advertisers, present and prospective. The judgment also required the Record to publish at its masthead the words "Official Publication of the Southern California Council of the Independent Order of B'nai B'rith Lodges," and to use a size of sheet and type of masthead which will not resemble the present general appearance of the Messenger.

The judgment also restrained the plaintiff from asserting in the Messenger that that paper has any connection with B'nai B'rith or its auxiliaries.

Both plaintiff and defendants have appealed from the judgment. Each party seeks to have the other enjoined from using the words "B'nai B'rith" in any manner, and defendants are dissatisfied with the restrictions and conditions in the judgment applicable to the Record.

Fraternal organizations are essentially part and parcel of American life. They spring from deep-rooted needs of men and women for human companionship and brotherhood. As such they are to be commended and as such they are entitled to protection of their names. Since 1933, by statute the State of California has forbidden the use of names of fraternal societies by anyone not entitled to do so under the constitution, by-laws or rules of the society. (Stats. 1933, p. 1037; 1 Deering's Gen. Laws, Act 692, p. 326.)

The history of B'nai B'rith (which was formerly named Independent Order of B'nai B'rith) is coincident with the history of California. Its first lodge was established in San Francisco in 1855, and the order has been active and useful throughout the state ever since. Therefore the judgment of the trial court permitting it to use its own name in connection with its own official publications was proper.

To support a judgment enjoining the use of one's own name there must be evidence that the defendant authorized the exclusive use of its name by the plaintiff as a trademark. (*Ida May Co., Inc.* v. *Ensign*, 20 Cal.App.2d 339 [66 P.2d 727].) The fact that the Messenger used the words B'nai B'rith for a period of years will not support a finding that such publication constituted consent by the order of B'nai B'rith to the exclusive use of its name by the plaintiff. The case here comes more nearly within the rule in *Tomsky* v. *Clark*, 73 Cal.App. 412, 417 [238 P. 950], wherein it is stated: "The mere fact that appellants filed a certificate of copartnership to operate a business under the family name of another gave them no perpetual right to the use of such name to the exclusion of the real owner. . . ."

But fraternal organizations may not permit individuals to publish papers or magazines over a period of years, using the name of the organization, and then deny such individuals the use of the name. This is for the reason that there can be built up a vested right to the use of a name in such cases.

It is true that such publications may cause embarrassment and trouble for the organization whose name they have been permitted to use; frequently advertising drives are conducted for the private benefit of the paper, but which some part of the public believes to be for the benefit of the organization; frequently editorial policies are contrary to what officers and members of the order think they should be. And it can happen that ownership of such publications may fall into the hands of nonmembers of the order, unfriendly and hostile to it, who would hamper, embarrass and actually harm it. In this case the real party plaintiff is a person who owns all of the stock of the plaintiff corporation. While not apparently hostile to B'nai B'rith, he is not a member, and his testimony on the trial showed no particular friendship for the order.

These possibilities must be considered by any fraternal society before property rights of individuals are built up over the years.

Therefore, the judgment of the trial court permitting the Messenger to retain the words B'nai B'rith as part of its name was proper.

The conditions of the judgment with respect to the subscription lists, masthead and format of the Record are reasonable and proper under the circumstances in this case. (*Eastern Columbia, Inc.* v. *Waldman,* 30 Cal.2d 268 [181 P.2d 865].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for rehearing was denied May 16, 1949, and the following opinion was then rendered:

THE COURT.—In their petition for rehearing, defendants and appellants point out that, while they are given the right to the use of the name B'nai B'rith Record, they are compelled by the judgment "to publish in close proximity to the masthead of their paper the following words, 'Official Publication of the Southern California Council of the Independent Order of B'nai B'rith Lodges.' " In this connection, they assert that since the name of their organization is, and for many years has been, "Southern California Council of B'nai B'rith Lodges," they should not be required to use that portion of the name which has been abandoned, to wit: "the Independent Order of."

It is hereby ordered that the judgment appealed from be modified as follows: whenever the name ''Southern California Council of the Independent Order of B'nai B'rith Lodges'' appears in said judgment, that it be changed to read ''Southern California Council of B'nai B'rith Lodges''; also, said judgment is further modified to permit defendants and appellants to use newsprint of the standard size.

As so modified, the judgment is affirmed; each party to bear its own costs on appeal.

Petitions by all appellants for a hearing by the Supreme Court were denied July 14, 1949. Carter, J., voted for a hearing.