[S. F. No. 18519. In Bank. Mar. 10, 1953.]

ISTHMIAN STEAMSHIP COMPANY (a Corporation), et al., Respondents, v. NATIONAL MARINE ENGINEERS BENEFICIAL ASSOCIATION et al., Appellants; BROTHERHOOD OF MARINE ENGINEERS, AFL et al., Interveners and Respondents.

Delany, Werchick, Fishgold & Minudri, Jack H. Werchick, Lee Pressman, Robert E. Burns, Cummins, Kent, Draper & Bradley for Appellants.

McCutchen, Thomas, Matthew, Griffiths & Greene and Morris M. Doyle for Respondents.

Tobriner & Lazarus and Mathew O. Tobriner for Interveners and Respondents.

SHENK, J.—This is an appeal from an order granting a preliminary injunction enjoining picketing of plaintiffs by defendant union in an action for a permanent injunction and damages. One phase of this case was before this court in *In re Regan* and *In re Kelleher, ante,* p. 424 [254 P.2d 572]. In those cases, Regan and Kelleher sought their release from custody after their arrest for violating a temporary restraining order issued by the court in the action, and we there held that the Jurisdictional Strike Law (Lab. Code, § 1115 et seq.) furnished a proper basis for the restraining order, and that plaintiffs' employees—marine engineers— were supervisory employees and hence not subject to the National Labor Management Relations Act (29 U.S.C.A. § 141 et seq.). The factual basis for the preliminary injunction is the same, with some amplification, as the temporary restraining order in the Regan and Kelleher cases. Defendants assert facts as grounds for reversal, in addition to the ones raised in those cases, but nothing more than a conflict is

created and the question of credibility of witnesses is presented, and this has been resolved favorably to plaintiffs by the trial court in ordering the preliminary injunction. The facts recited in the Kelleher and Regan cases are supported by the record here.

Defendants make three additional legal arguments: (1) That a preliminary injunction will not be issued in a "doubtful" case; (2) that such an injunction is to preserve the status quo as it existed at the commencement of the action and this one does not do so because the temporary restraining order swung the balance in favor of plaintiff employer, Isthmian Steamship Company; and (3) that the injunction will cause defendants great damage.

▮ The first contention is answered in part by the fact that the case is not necessarily close on its facts when we review the evidence most favorable to plaintiffs, as we must do since the trial court made the order in plaintiffs' favor.

▮ The second contention is subject to the same comment as the first and also the injunction was based on the facts as they existed when the action was commenced.

The third, and also the first and second contentions are more properly addressed to the discretion of the trial court. ▮ Whether a preliminary injunction shall be granted rests largely in the discretion of the trial court and will not be reversed on appeal unless there is a manifest abuse of discretion. (*Thompson* v. *Moore Drydock Co.*, 27 Cal.2d 595 [165 P.2d 901]; 14 Cal.Jur. 180 et seq.) We find no abuse of discretion here.

The order is affirmed.

Gibson, C. J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent for the same reasons and upon the same grounds stated in my dissents in *Voeltz* v. *Bakery Workers, ante,* p. 382 [254 P.2d 553] and *In re Kelleher* and *In re Regan, ante,* p. 424 [254 P.2d 572].

Traynor, J., concurred.

Appellants' petition for a rehearing was denied April 2, 1953. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.