[Civ. No. 8007.   Third Dist.   May 27, 1955.]

CHESTER WALLACE, Plaintiff and Respondent, v. CAR-
PENTERS LOCAL UNION NO. 1040 OF THE UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA et al., Defendants and Appellants;
ROOFERS, DAMP AND WATERPROOF WORKERS
LOCAL UNION NO. 240 OF THE UNITED SLATE,
TILE AND COMPOSITION WORKERS ASSOCIA-
TION, Defendant and Respondent.

Todd & Todd for Defendants and Appellants.

Falk & Falk for Plaintiff and Respondent.

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S.
Johnson for Defendant and Respondent.

FINLEY, J. pro tem.*—This matter is presently before us
upon motion by appellants for an order of this court dismissing
the action and dissolving a temporary injunction heretofore
issued by the trial court in favor of plaintiff Wallace, a roof-
ing contractor, and directed to both appellant and respond-
ent labor organizations enjoining them from "engaging in
any work stoppage or from threatening any work stoppage"
by reason of a dispute between them concerning the question
of union jurisdiction.   Appellants took an appeal from the
judgment granting a temporary injunction, which appeal is
now pending.   There is no motion to dismiss the appeal, and
movant announced at argument that no dismissal was desired.
This court is asked only to dismiss the *action* and dissolve the

*Assigned by Chairman of Judicial Council.

injunction "and for such other and further order as to the court may seem meet and proper in the premises."

This action was commenced by plaintiff and respondent Wallace, a contractor doing business as Wallace Roofing Company. It is alleged that he entered into a collective bargaining agreement for the period here involved with Carpenters Local Union No. 1040 of the United Brotherhood of Carpenters and Joiners of America, hereinafter referred to as the Carpenters Union, which included the branch of carpentry known as "roofing." Subsequently plaintiff entered into a contract with Local Union 240 of the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, hereinafter referred to as the Roofers Union, which also covered the division of the craft of carpentry known as "roofing." Both unions are or were at the time the action was commenced members of the National Joint Board for Settlement of Jurisdictional Disputes established within the Building and Construction Trades Department of the American Federation of Labor, which board handles disputes concerning claims of jurisdiction by member unions. Plaintiff alleged that a dispute arose over which of the above unions had jurisdiction over the "roofing" work carried on by plaintiff, which was followed by certain work stoppage by the Carpenters Union and threats of other stoppage. Plaintiff sought and was granted a temporary injunction restraining appellant Carpenters Union from engaging in any work stoppage arising out of the assignment of work by plaintiff as long as he employed members of unions affiliated with the American Federation of Labor, and also ordering that any questions concerning disputes over jurisdiction be submitted to the National Joint Board for settlement.

Appellants' motion to dismiss the action and dissolve the temporary injunction is based upon affidavits submitted by appellants wherein it is stated that respondent Roofers Union is no longer in existence. It is claimed by appellants that this nullifies the entire cause of action since there can be no existing dispute between appellants and a union which no longer exists; that there is no longer any need for an injunction and nothing to submit to the National Joint Board for settlement.

There are no counteraffidavits on file by the respondent Roofers Union and nothing before us to indicate that appellants' contention regarding the present nonexistence of respondent Roofers Union is not correct. However, the function and the jurisdiction of this court in the present state of the

record is either to decide the appeal or dismiss it, but not to dismiss the action or dissolve the injunction.

The motion is denied.

Van Dyke, P. J., and Schottky, J., concurred.