[Civ. No. 8007.   Third Dist.   Dec. 2, 1955.]

CHESTER WALLACE, Plaintiff and Respondent, v. CARPENTERS LOCAL UNION NO. 1040 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al., Defendants and Appellants; ROOFERS, DAMP AND WATERPROOF WORKERS LOCAL UNION NO. 240 OF THE UNITED SLATE, TILE AND COMPOSITION WORKERS ASSOCIATION, Defendant and Respondent.

Todd & Todd for Defendants and Appellants.

Falk & Falk for Plaintiff and Respondent.

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S. Johnson for Defendant and Respondent.

PEEK, J.—This is an appeal from an order granting a temporary injunction which enjoined the defendants, Carpenters Local Union No. 1040 and North Coast Counties District Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America, hereinafter referred to as "Carpenters," from threatening or engaging in work stoppages and from advertising or publishing that plaintiff does not employ members of unions affiliated with the A. F. of L., and ordering that any jurisdictional disputes between the Carpenters and Roofers, Damp and Waterproof Workers Local Union No. 240 of the United Slate, Tile and Composition Roofers Damp and Waterproof Workers Association, hereinafter referred to as "Roofers," be submitted for settlement by the party claiming to be aggrieved under the provisions of a certain agreement entitled "Plan for National Joint Board for Settlement of Jurisdictional Disputes" of the Building and Construction Trades Department of the A. F. of L., the Associated General Contractors of America and participating employer associations.

The record shows that Wallace, doing business under the name of Wallace Roofing Company, had agreed to be bound by said plan. He had contracted both with the Carpenters and the Roofers, the former contract antedating the latter. Both unions are craft unions affiliated with the A. F. of L., and as such are bound by the plan for settlement of jurisdictional disputes. Wallace entered into a subcontract to perform roofing work at a school in Arcata. The Carpenters demanded that he use them rather than Roofers upon such

work, and upon his refusal the Carpenters pulled the men employed by the general contractor from the work. Similar instances occurred thereafter. Plaintiff's attorney subsequently wired the chairman of the joint board, informing him of the situation and shortly thereafter received a copy of a telegram purported to have been sent by the chairman to the general vice president of the Carpenters, wherein the vice president was directed to remove that union's picket line, to return their men to work and to process any work complaints in accordance with joint board procedures. The Carpenters continued their refusal to work for any general contractor who had contracted with Wallace for roofing and this proceeding followed. Because the Roofers Union refused to join as plaintiff, it was named as a defendant. Thereafter the business agent of the Carpenters filed a like proceeding wherein he, as representative of the Carpenters, sought to specifically enforce the collective bargaining agreement between the Carpenters and plaintiff. Thereafter a complaint in intervention was filed on behalf of the Roofers, seeking similar relief for that union. The actions were consolidated for the purpose of determining whether or not an injunction should issue. Following their appeal to this court, the Carpenters moved this court for an order directing the trial court to dismiss the action and dissolve the injunction. No motion to dismiss the appeal was made, and it was announced at the time of oral argument that no dismissal was desired. We concluded that the function of this court was either to decide the appeal or to dismiss it, but not to dismiss the action or dissolve the injunction. (*Wallace* v. *Carpenters Local Union No. 1040,* 133 Cal.App.2d 321 [284 P.2d 102].) Subsequent to the filing of that opinion, the Carpenters again filed a notice of motion for an order of this court directing the superior court to dismiss the action. The second motion was calendared for and heard at the same time as the appeal on the merits.

It is the Carpenters' first contention that the trial court lacks jurisdiction because of the failure of plaintiff to exhaust his remedies by submission of the dispute to arbitration as provided in the plan previously referred to. Such contention by the Carpenters completely ignores the California Jurisdictional Strike Act. (Stats. 1947, ch. 1388, adding sections 1115-1120 to the Labor Code.) By the provisions of that act, jurisdictional strikes as therein defined are declared to be against public policy of this state and unlawful. (§ 1115.)

Any person injured or threatened with injury from a violation of the act is entitled to injunctive relief. (§ 1116.) Section 1118 defines a jurisdictional strike as being the concerted cessation of work or any other concerted interference with an employer's operation and business, and expressly includes disputes arising out of work assignments involving conflicting claims of two unions for jurisdiction over a particular type of work.

No question is raised, nor do the Carpenters challenge the finding that a jurisdictional question exists between them and the Roofers as to which union has the exclusive right to work assignments by Wallace. The Carpenters content themselves with the contention that merely by reason of the existence of the plan for settlement of disputes, the court lacked jurisdiction to issue the injunction. No argument is made nor authority cited as to why the Jurisdictional Strike Act and the cases interpreting the same are not wholly controlling in this case. ■ "The State policy of outlawing jurisdictional coercive activity in the maintenance of peaceful industrial relations justifies the injunctive as well as legal relief." (*Sommer* v. *Metal Trades Council*, 40 Cal.2d 392, 401 [254 P.2d 559].) ■ Furthermore, "[w]hether a preliminary injunction shall be granted rests largely in the discretion of the trial court and will be not reversed on appeal unless there is a manifest abuse of discretion." (*Isthmian S. S. Co.* v. *National Marine etc. Assn.*, 40 Cal.2d 433, 435 [254 P.2d 578].) In the absence of any showing by the Carpenters except as noted, it cannot be said that the trial court abused its discretion in the issuance of the injunction they now attack.

■ Turning to the Carpenters' motion for an order directing the trial court to dismiss the action and dissolve the injunction, it appears that since nothing to the contrary has been shown, we must conclude as we did on the previous motion that ". . . the function and the jurisdiction of this court in the present state of the record is either to decide the appeal or dismiss it, but not to dismiss the action or dissolve the injunction. (*Wallace* v. *Carpenters Local Union No. 1040, supra*, at page 322.)

The order is affirmed, and the motion is denied.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 28, 1955.