Filed 10/30/24  Preovolos v. Preovolos CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ATHANASIOS K. PREOVOLOS, as Trustee, etc., | D082015 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00014821-CU-MC-CTL) |
| PETER PREOVOLOS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Law Offices of Sondra S. Sutherland and Sondra S. Sutherland for Plaintiff and Appellant.

Horvitz & Levy, Eric S. Boorstin and Jeremy B. Rosen; Withers Bergman, Jeremiah J. Moffit and Ann M. Wicks; Caietti Law Group, Robert M. Caietti and Kristin A. Kameen for Defendant and Respondent.

Plaintiff and appellant Athansios Preovolos, as trustee of the Preovolos Family Children's Trust (the Children's Trust), sued his father, defendant

and respondent Peter Preovolos[1] for declaratory and injunctive relief, alleging that following a 2009 vote of limited partners in a family partnership to appoint Spiro Preovolos as an additional general partner, Peter failed to execute documents to formalize that appointment. The trial court sustained without leave to amend Peter's demurrer to Thanasi's operative first amended complaint. It ruled that despite having been granted leave to amend, Thanasi did not allege facts to support the declaratory relief cause of action, that is, allegations showing Peter had a contractual or statutory duty to appoint Spiro as a general partner. It ruled that if Thanasi were relying on a contract for such a duty, the cause of action would be barred by the statute of limitations. The court further ruled Thanasi did not allege any wrongful act sought to be enjoined to support a claim for injunctive relief.

Thanasi appeals from the ensuing judgment of dismissal. He contends that on appeal he can make new factual allegations that overcome Peter's demurrer. Specifically, with respect to declaratory relief, Thanasi contends that with new allegations—including that 100 percent of the partners approved Spiro's appointment as a general partner—he adequately alleged an actual controversy, namely that the parties disagree as to whether Peter has a duty to abide by the partners' unanimous vote. He contends he can allege Peter has a contractual and statutory duty to amend the certificate of limited partnership to appoint Spiro under the partnership agreement as well as Corporations Code[2] section 15902. He contends the trial court erred by sustaining the demurrer on statute of limitations grounds, which Peter

---

[1] Athansios goes by the name Thanasi. We refer to the parties by their first names for clarity, not out of disrespect.

[2] Undesignated statutory references are to the Corporations Code.

assertedly did not raise below. As for injunctive relief, Thanasi contends he can amend his pleading to make the family partnership a party and allege it is entitled to a statutorily authorized mandatory injunction under section 15905.05. Alternatively, Thanasi maintains he stated a viable claim for injunctive relief by allegations that Peter has taken steps to sell partnership assets on the premise he is a sole general partner, but that he can add allegations that cure any uncertainty. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We state the background facts from the well-pleaded material factual allegations of Thanasi's operative first amended complaint, as well as matters that may be judicially noticed. (*Quishenberry v. UnitedHealthcare, Inc.* (2023) 14 Cal.5th 1057, 1062; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We disregard contentions, deductions and factual or legal conclusions. (*290 Division (EAT), LLC v. City and County of San Francisco* (2022) 86 Cal.App.5th 439, 450.)

Thanasi is the trustee of the Children's Trust, which is a limited partner of the Preovolos Family Limited Partnership (the Partnership). Peter is a general partner of the Partnership, which was formed in 1994 between Peter and another general partner, Fofo Preovolos. Peter and Litsa Preovolos created the Children's Trust in 1979, making themselves trustors and Fofo the trustee. Fofo died in 2005. Peter filed an amendment to the Partnership's certificate with the Secretary of State indicating that Fofo ceased being a general partner. Under a provision of the Children's Trust, Thanasi and his brothers Spiro and Nicholas became trustees of the Children's Trust.

In January 2009, all of the Partnership's limited partners (Thanasi, Nicholas and Spiro as trustees of the Children's Trust as well as Peter and

3

Theodore Preovolos) met for a special Partnership meeting. Peter, who chaired the meeting, informed the limited partners that he was appointing Spiro as an additional general partner to fill Fofo's vacancy. A majority of the Partnership units voted in favor of admitting Spiro as a general partner, and Peter reported that Spiro had been duly admitted as a general partner. The vote as to Spiro was important to Theodore who had been involved in litigation with Peter regarding the Partnership. Peter voted in favor of Spiro's appointment as a general partner because it benefitted Peter. Theodore voted against adding Spiro as a general partner.

Over the years, Peter promised numerous times to execute any and all documents necessary to formalize the January 2009 vote. But Peter refused to sign the appropriate documents and papers, declaring himself to be the only general partner despite the vote. Thanasi and other family members made numerous demands on Peter to execute all necessary documents to install Spiro as a general partner, but he refused to do so.

In August 2020, Spiro signed a proposed amendment to the Partnership's certificate so as to add himself as a new general partner, but the Secretary of State rejected the attempted filing indicating that Peter, the current general partner, must also sign the document. Peter then began taking steps to sell Partnership assets on the premise that he is the Partnership's sole general partner.

In April 2022, Thanasi, in his capacities as trustee of the Children's Trust and a Partnership limited partner, filed a complaint against Peter for declaratory relief, specific performance, injunctive relief and an accounting. Peter demurred, stating in his notice of demurrer that the complaint was uncertain and failed to state causes of action. In part, he argued Thanasi failed to state a viable underlying cause of action so as to allege a basis for

4

declaratory relief. He argued Thanasi's declaratory relief claim was only based on a "gratuitous oral offer from over 13 years ago," which created no legal duty on the offeror. He argued the complaint did not allege wrongful conduct or that Thanasi would suffer resulting irreparable harm absent injunctive relief. The trial court sustained the demurrer with leave to amend.

Thanasi filed a first amended complaint, this time containing only a declaratory relief cause of action and request for injunctive relief. Peter demurred on the same grounds. He argued Thanasi amended his pleading to merely add exhibits, repeated the same allegations, then only alleged the conclusion that Peter " 'has a duty as the general partner of the . . . Partnership to the [l]imited [p]artners to abide by and comply with the vote . . . .' " Peter again argued Thanasi had not alleged a viable underlying cause of action for entitlement to declaratory relief. Peter further argued, as he had in his first demurrer, the claim was time-barred: "[*E*]*ven if* the [first amended complaint] had somehow properly alleged the existence of an oral contract, on the face of the complaint, it is clear that any breach of oral contract claim would be barred by the two-year statute of limitations, which begins at the date the first breach occurred. (See [Code Civ. Proc.,] § 339(1)[.)] In this case, [Thanasi] alleges he is entitled to declaratory relief based upon a gratuitous offer, made without consideration, in 2009 and at other unspecified times. But fatally, the [first amended] [c]omplaint also alleges that despite 'numerous promises, . . . Peter . . . has refused to execute the appropriate documents and papers, declaring himself to be the only general partner . . . . [ ] Thus, the [first amended c]omplaint makes clear that the alleged breach began years ago, long before the statute's two-year limitation, making the claim untimely on its face." Peter relied on the

5

proposition of *Cochran v. Cochran* (1997) 56 Cal.App.4th 1115, 1124 that a breach of an oral contract cause of action accrues at the time of the breach " 'when the party charged with a duty to perform refuses to do so.' " He also argued that if a limitations period for declaratory relief applied,[3] the action was still time-barred as "the failure to install Spiro as a general partner occurred in 2009, over 13 years ago, followed by the allegedly repeated and consistent refusal to do so 'over the years.' " (Some capitalization omitted.) Peter asked the trial court to take judicial notice of probate court petitions and other court records, as well as this court's nonpublished opinion in *Preovolos v. Preovolos*, D078711 (Feb. 24, 2022). In opposition, Thanasi did not address the statute of limitations arguments.

Granting Peter's requests for judicial notice "to the extent permitted by law," the trial court sustained the demurrer without leave to amend. Citing *City of Cotati v. Cashman* (2002) 29 Cal.4th 69 for the principle that " 'a request for declaratory relief will not create a cause of action that does not exist' " (*id.* at p. 80), it ruled Thanasi had not explained or alleged any contractual or statutory duty on Peter's part to appoint Spiro as a general

---

3     In his papers below, Peter identified that limitations period as six years, citing *Maguire v. Hibernia Savings & Loan Soc.* (1944) 23 Cal.2d 719, but that case refers to a four-year limitation period for " ' "[a]n action for relief not hereinbefore provided for . . . ." ' " (*Id.* at p. 733; Code Civ. Proc., § 343.)

partner.[4] In reaching this conclusion, the court stated: "If [Thanasi] were relying upon a contract, [the claim] would be barred by the statute of limitations." It ruled Thanasi did not state facts sufficient to obtain injunctive relief; he had not explained on what cause of action he based his request for such relief or allege facts demonstrating any wrongful act sought to be enjoined. The court observed: "[Thanasi] alleges [Peter] 'has recently taken steps to sell [P]artnership assets on the premise that he is the sole general partner,' but [Thanasi] does not allege nor explain why such efforts would be wrongful under the circumstances."

Thanasi filed this appeal from the ensuing judgment of dismissal.

DISCUSSION

I. *Standard of Review*

" 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to

---

[4] More specifically, the court ruled Thanasi "fails to explain or allege why [Peter] has a duty to appoint Spiro a general partner, other than the promises [Peter] made '[o]ver the years' and the fact the vote took place. [Thanasi] does not rely upon a contractual duty, and [Thanasi] does not cite any statutory duty or one based on terms of a partnership agreement or trust. Rather, at best, [Thanasi] has amended to add allegations that efforts to amend the certificate of limited partnership have been rejected by the Secretary of State because 'The current general partner [Peter] must also sign the document . . . . [Thanasi] also cites the minutes of the vote but fails to cite what is the source of [Peter's] legal duty to act. Finally, [Thanasi] cites . . . section 15502, but [Thanasi] fails to explain how the minutes of the vote or . . . section 15502 impose any legal duty on [Peter] as to fulfilling the promise to appoint Spiro . . . as a general partner. Therefore, the court fails to see what underlying claim [Thanasi] is relying upon. If [Thanasi] were relying upon a contract, it would be barred by the statute of limitations. . . . The court finds [Thanasi] has not sufficiently alleged a cause of action for declaratory relief." (Some capitalization omitted.)

7

state a cause of action under any legal theory.' " (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) We assume the truth of the well-pleaded allegations, and consider matters that may be judicially noticed. (*Ibid*.; *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 209.) We give the operative complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Mathews v. Becerra*, at p. 768.)

" 'If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer. "[W]e are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory . . . ." ' " (*Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370.) The complaint will " ' "survive[ ] a general demurrer insofar as its states, however inartfully, facts disclosing some right to relief." ' " (*Thomas v. Regents of University of California* (2023) 97 Cal.App.5th 587, 611-612.) The possible inability or difficulty in proving the complaint's allegations is not a factor. (*New Livable California v. Association of Bay Area Governments* (2020) 59 Cal.App.5th 709, 714.)

When a demurrer is sustained without leave to amend, " 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse.' " (*County of Santa Clara v. Superior Court* (2023) 14 Cal.5th 1034, 1041.) Thanasi can propose amendments for the first time on appeal. (Code Civ. Proc., § 472c, subd. (a).) A dismissal entered after a demurrer has been sustained without leave to amend "will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground."

(*Carman v. Alvord* (1982) 31 Cal.3d 318, 324; accord, *Ko v. Maxim Healthcare Services, Inc.* (2020) 58 Cal.App.5th 1144, 1150.)

## II. *Declaratory Relief*

Thanasi's first amended complaint seeks a judicial declaration "stating that Spiro . . . is in fact a general partner of the . . . Partnership as the [P]artnership itself had previously voted." He bases the request on allegations that Peter "has a duty as the general partner of the . . . Partnership to the limited partners to abide by and comply with the vote of January 20, 2009, as set forth in the minutes. Although [Peter] had promised numerous times over the years, it became obvious in August of 2020 that [Peter] had no intention to sign the documents necessary to implement what the Partnership had already agreed to." (Some capitalization omitted.)

On appeal, Thanasi concedes that this claim is not viable without an allegation that 100 percent of the Partnership's partners approved Spiro's addition, as the Partnership agreement requires. He maintains he can now allege Peter was required to amend the Partnership's certificate to add Spiro as a general partner under the terms of the Partnership agreement, which provides in part that "[a] vote of 100 percent of the limited [P]artnership interests to add one or more general partners constitutes an 'effective [P]artnership action' obligating the general partner to admit the person as a general partner . . . ." He also points to the Uniform Limited Partnership Act of 2008, section 15904.01, which provides in part that "[a] person becomes a general partner: [¶] . . . as provided in the partnership agreement; [¶] . . . [¶] . . . with the consent of all the partners." (§ 15904.01, subds. (a), (d).) Thanasi argues he can allege that while in January 2009 Theodore initially voted against adding Spiro, by March 2009 Theodore agreed to relinquish his interest in the Partnership and then "ratified and consented" to Spiro's

9

appointment as a general partner. Thanasi argues he can further allege that "Peter refused to sign or to deliver the required amendment to the certificate of limited partnership to the Secretary of State, giving notice that Spiro is a general partner" and that "limited partner Children's Trust is aggrieved by Peter's refusal because Peter continues to act against [the Partnership's] interests as though he is the sole general partner when he is not." (Some capitalization omitted.)

In response, Peter argues that given Thanasi's arguments and proposed amendments, his declaratory relief claim is barred by either the three-year statute of limitations for an "action upon a liability created by statute" (Code Civ. Proc., § 338, subd. (a)) or the four-year statute of limitations for breach of a written obligation (Code Civ. Proc., § 337, subd. (a)). He points out Thanasi initially alleged that he did not comply with his purported obligation to formalize the January 2009 vote, and now alleges the obligation did not arise until March 2009 when Theodore relinquished his interest in the Partnership, both "well outside the relevant limitations period[s] . . . ." Peter cites the principle that the limitations period runs from the moment the claim accrues (see Code Civ. Proc., § 312 [an action must "be commenced within the periods prescribed in this title, after the cause of action shall have accrued"]), and argues that the cause of action based on a statute accrued " 'when a suit may be maintained thereon' " and the breach of contract claim accrued at the time of breach in 2009. On the merits, Peter argues Thanasi cannot allege that there was a unanimous vote of the partners; that Theodore's ratification and consent is not a vote, nor was the March 2009 settlement agreement. According to Peter, mere allegations of a controversy are insufficient to state a claim under these circumstances; he asks that if we are not inclined to affirm the court's judgment, we should modify it to enter a

10

judicial declaration that "Thanasi is not entitled to pursue this action because his claims accrued in 2009, rendering this 2022 action untimely" and "Peter has no obligation to amend the [P]artnership agreement following the divided 2009 vote."

Peter's argument as to Thanasi's ability to allege the required unanimous vote has merit, and thus we conclude Thanasi's proposed allegations do not state a declaratory relief cause of action under Code of Civil Procedure section 1060.[5] We thus need not decide whether the underlying claims are barred by the statute of limitations or whether the continuous accrual doctrine applies. Nor do we address Thanasi's argument that Peter should be equitably estopped from asserting a statute of limitations defense.[6]

Thanasi's claim is premised on the January 2009 vote or the March 2009 settlement agreement. Characterizing Thanasi's claim as one of a

---

[5] The declaratory relief statute, Code of Civil Procedure section 1060, provides in part: "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to . . . property . . . , may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract."

[6] Thanasi did not make an equitable estoppel argument in his opening brief in any event, forfeiting the point. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050 [where appellant fails to raise an argument "until its appellate reply brief," it "has forfeited the argument"]; *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant"].)

11

breach of fiduciary duty and accepting his proposed amendments, it does not survive. The claim rests on the premise of Peter's alleged failure to amend the Partnership certificate to include Spiro as a general partner, and also in his actions on the Partnership's behalf taken without Spiro's involvement. But as Peter points out, and as Thanasi both concedes and says he can allege, the Partnership agreement requires a unanimous *vote* of the partners to admit a person as a general partner. At oral argument in this court, Thanasi's counsel conceded that a second vote has never taken place. Thanasi's allegations that Theodore "ratified and consented to" Spiro's appointment as a general partner is not an allegation of a unanimous vote and thus the prerequisite did not take place.[7]

## IV. *Injunctive Relief*

Thanasi contends he has stated a claim for injunctive relief based on the allegations that in April 2022 Peter took steps to sell Partnership assets without Spiro's consent and outside the scope of Partnership activities. He argues section 15902.05 authorizes an injunction where a person is required to sign and deliver an amended partnership certificate to the Secretary of

---

[7] Peter asks us to take judicial notice of the agreement as well as this court's prior nonpublished opinions, *Preovolos v. Preovolos,* A113389 (Feb. 21, 2007) and *Preovolos v. Preovolos*, supra, D078711. Only this court's 2007 opinion was before the trial court. Because the trial court judicially noticed that opinion, we need not also do so. Peter argues the other opinion is relevant to show Thanasi's long-time representation of Peter and the Partnership, and gives "context to the complaint's allegations." We generally do not take judicial notice of items not before the trial court. (*Sweetwater Union High School District v. Julian Union Elementary School District* (2019) 36 Cal.App.5th 970, 986, fn. 6.) Peter's conclusory assertion is in any event insufficient to demonstrate the relevance of this court's 2022 opinion to the issues presented on our review of Peter's demurrer. And we need not take judicial notice of the Partnership agreement as Thanasi proposes specific factual allegations concerning its terms.

State but fails to do so. These claims, however, stem from the assertion that Peter had an obligation to appoint Spiro as a general partner, which as stated above Thanasi may not allege in view of the Partnership agreement's precondition of a unanimous partnership vote.

A request for injunctive relief is not an independent cause of action, since " '[i]njunctive relief is a remedy, not a cause of action,' " and " '[a] cause of action must exist before a court may grant a request for injunctive relief.' " (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 734; see also *City of South Pasadena v. Department of Transportation* (1994) 29 Cal.App.4th 1280, 1293, quoting *Richards v. Dower* (1883) 64 Cal. 62, 63 [" 'A permanent injunction is merely a remedy for a proven cause of action. It may not be issued if the underlying cause of action is not established' "].) The claim for injunctive relief falls with Thanasi's declaratory relief cause of action.

DISPOSITION

We affirm the judgment. Respondent Peter Preovolos shall recover his costs on appeal.

O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

13